As far as we are able to discern, the terms "ML income," "VI income," "IT income," and "EX external disbursement," that is, the types of transactions that result in fees, are not defined anywhere in the regulations. Moreover, the judge did not make any findings as to the meaning of any of these terms or as to whether any fees imposed on the defendant's inmate account were related to any of these types of transactions. The Commonwealth has provided documents in an effort to explain the various types of transactions, but these documents, which were not before the judge, do not use the abbreviations listed in the regulation.
[2] The question whether a defendant is entitled to a refund of drug analysis fees imposed as a result of a subsequently invalidated conviction was not presented in Martinez, and we therefore did not address it at that time. Commonwealth v. Martinez, 480 Mass. 777, 792, 109 N.E.3d 459 (2018).
[3] We do not have before us other fees that might be imposed after a conviction, such as parole fees, and we therefore do not address them.
[4] The Commonwealth states that the total amount was thirty-three dollars. The defendant explains the discrepancy by stating that one dollar was charged in error and refunded to him.
[5] The Commonwealth does not dispute the remaining elements of Martinez and Nelson, namely, that the defendant actually paid the fees, that his conviction has been invalidated by a reviewing court, and that no retrial will occur.
--------